RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____
BY _____

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

JENELL HENIX

CRIMINAL NO. 02-50087
JUDGE TOM STAGG

## MEMORANDUM ORDER

On April 5, 2005, the Fifth Circuit Court of Appeals issued an order remanding this case to the district court to determine the timeliness of Jenell Henix's ("Henix") notice of appeal. See Record Document 91. Pursuant to that order, this court allowed Henix over twenty days to provide evidence of her compliance with Rule 4(b) of the Federal Rules of Appellate Procedure. However, Henix provided no such evidence. The government, on the other hand, has provided the court with evidence that Henix's notice of appeal was not deposited in the prison mail system until March 15, 2005. See Record Document 101.

Pursuant to Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal must be filed within ten days of the entry of the judgment from which the appeal is taken. The judgment Henix seeks to appeal was entered on February 22, 2005, making the final day for filing a timely notice of appeal in this case March 8, 2005. It is well settled that a prisoner's pro se notice of appeal is considered timely if it is deposited in the prison mail system within the time limits for filing. See

Fed.R.App.P. 4(c)(1). Henix's notice of appeal was not deposited until March 15, 2005, well after the expiration of the ten day period. Therefore, her notice of appeal was not timely filed. However, Rule 4(b) of the Federal Rules of Appellate Procedure permits the district court to grant an additional thirty days in which to file. "The filing of an untimely notice of appeal within the additional thirty-day period is customarily treated by this Court in criminal cases 'as a motion for a determination as to whether excusable neglect entitled a defendant to an extension of time to appeal.'" United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984) (quoting U.S. v. Awalt, 728 F.2d 704 (5th Cir. 1984)). Because Henix's notice of appeal was filed within the additional thirty day time period, it will be construed as a motion for determination as to whether excusable neglect entitled her to an extension of time to appeal.

Henix has set forth no reason for the untimely filing of her notice of appeal that would qualify as excusable neglect. Instead, she merely relies on her argument that her notice of appeal was timely deposited in the prison mail system and "with sufficient time for normal mail delivery". Record Document 97. However, the evidence filed by the government demonstrates that Henix's notice of appeal was not deposited in the prison mail system until March 15, 2005, after the ten day period had expired. See Record Document 101. Alternatively, Henix argues that the court's acceptance of her "apparently untimely" notice of appeal constituted a finding of excusable neglect. See Record Document 97. In support of her contention Henix cites

the Seventh Circuit case of United States v. Roberts, 749 F.2d 404 (7th Cir. 1984). However, in Roberts the court held that only under the "narrow circumstances" of that case would the acceptance of a notice of appeal by the district court be considered a finding of excusable neglect. See id. at 409. Not only is Roberts not binding on a Fifth Circuit court, but it is also factually distinguishable. The narrow circumstances presented in Roberts are not the same as those presented here. Henix has set forth no grounds for a finding of excusable neglect.

Accordingly;

The court finds that Henix's notice of appeal was not timely filed and is not entitled to a finding of excusable neglect.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 6th day of July, 2005.

_____
JUDGE TOM STAGG